D9K6FREP1

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          12 CR 977(ALC)

5    MARK FREYTES,

6                   Defendant.

7    ------------------------------x

8                                         New York, N.Y.
                                          September 20, 2013
9                                         11:30 a.m.

10

     Before:
11
                         HON. ANDREW L. CARTER, JR.,
12
                                              District Judge
13

14                              APPEARANCES
     PREET BHARARA
15        United States Attorney for the
          Southern District of New York
16   AMY LESTER
          Assistant United States Attorney
17
     KELLY J. SHARKEY, ESQ.
18        Attorney for Defendant

19

20

21

22

23

24

25

1           (In open court; case called)

2           THE DEPUTY CLERK:  Counsel, please state your

3   appearance for the record.

4           MS. LESTER:  Good morning, your Honor.  Amy Lester for

5   the government.  I am filling in for my colleague Hadassa

6   Waxman.

7           THE DEPUTY CLERK:  For defendant?

8           MS. SHARKEY:  Kelly Sharkey for Mr. Freytes.  Judge, I

9   apologize for the inconvenience I have caused the Court.  I

10  calendared this for 2:00.  So that is my error and I apologize

11  for that.

12          THE COURT:  Good morning.  Good morning, Mr. Freytes.

13          THE DEFENDANT:  Good morning.

14          THE COURT:  My understanding is that Mr. Freytes would

15  like to enter his previously entered plea of not guilty and

16  enter a plea of guilty pursuant to an agreement with the

17  government.

18          MS. SHARKEY:  That's correct.

19          THE COURT:  Mr. Freytes I am going to ask you some

20  questions and require that your answers be under oath.  So I

21  will ask my wonderful and talented deputy to administer an

22  oath.

23          THE DEPUTY CLERK:  Mr. Freytes, please stand and raise

24  your right hand.

25          (Defendant sworn)

1          THE COURT:  Mr. Freytes, now that you have taken an

2    oath to tell the truth if you were intentionally lie in

3    response to any of my questions, you face criminal prosecution

4    for lying under oath.  Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  How old are you?

7          THE DEFENDANT:  48.

8          THE COURT:  How far did you go in school?

9          THE DEFENDANT:  Some college and lot of technical

10   schools.

11         THE COURT:  Have you ever been treated for any mental

12   health problems?

13         THE DEFENDANT:  No.

14         THE COURT:  Have you ever been treated for any drug

15   abuse or alcohol abuse?

16         THE DEFENDANT:  One second.  Can I ask my counsel

17   something?

18         THE COURT:  Yes.

19         THE DEFENDANT:  Excuse me, sir.  I would have to say

20   yes for the mental treatment?

21         THE COURT:  For the mental health treatment?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Tell me about that.  Was that through a

24   psychiatrist?  Psychologist?  Counseling?  What was it?

25         THE DEFENDANT:  Counseling.

1          THE COURT:  How long ago was that?

2          THE DEFENDANT:  Oh, God, 12 years ago.  Excuse me.

3   Nine years ago.

4          THE COURT:  And just generally without getting into

5   details what was this counseling for?  What was it related to?

6          THE DEFENDANT:  Behavior modification.

7          THE COURT:  Were you prescribed any medication?

8          THE DEFENDANT:  No.

9          THE COURT:  And were you given any sort of diagnosis

10  of any sort?

11         THE DEFENDANT:  In terms of?

12         THE COURT:  In terms of the treatment.

13         THE DEFENDANT:  No.  No.  No.

14         THE COURT:  Was it with a psychiatrist if you know or

15  psychologist?

16         THE DEFENDANT:  Pretty sure it was a psychiatrist.

17         THE COURT:  And when did that end?

18         THE DEFENDANT:  A year after it started.  I would say

19  2005.

20         THE COURT:  Other than that any other treatment for

21  any mental health problems?

22         THE DEFENDANT:  No.

23         THE COURT:  Are you seeing a doctor for any physical

24  problems currently?

25         THE DEFENDANT:  Yes.

1          THE COURT:  Tell me about that.

2          THE DEFENDANT:  I might have spinal stenosis, which is

3     irritation of the L1 and L2.  I am waiting to hear back from

4     the doctors at MCC to find out what is going on.

5          THE COURT:  Are you being treated for anything else?

6          THE DEFENDANT:  High blood pressure and diabetes.

7          THE COURT:  And are you taking medications for the

8     high blood pressure and diabetes?

9          THE DEFENDANT:  Yes.

10          THE COURT:  What about the spinal problems, are you

11    taking medication for that?

12          THE DEFENDANT:  Just pain.

13          THE COURT:  Just pain medications?

14          THE DEFENDANT:  Just pain medication.

15          THE COURT:  What kind of pain medications are you

16    taking?

17          THE DEFENDANT:  It's a neuro inhibitor.  Supposed to

18    dim the nerve.

19          THE COURT:  How long have you been taking that?

20          THE DEFENDANT:  Three, four months now.  Maybe five.

21          THE COURT:  How often do you take that?

22          THE DEFENDANT:  Every day.

23          THE COURT:  Is that a pill?

24          THE DEFENDANT:  Yes.

25          THE COURT:  For the diabetes what are you taking?

1        THE DEFENDANT:  Taking pills for it.

2        THE COURT:  And for high blood pressure also pills?

3        THE DEFENDANT:  Same.

4        THE COURT:  How long have you been taking medication

5   for diabetes?

6        THE DEFENDANT:  Two years.

7        THE COURT:  For the high blood pressure?

8        THE DEFENDANT:  Two years.

9        THE COURT:  Do any of these medications affect your

10   ability to think clearly?

11        THE DEFENDANT:  No, sir.

12        THE COURT:  Have you had those medications recently?

13        THE DEFENDANT:  Yes.

14        THE COURT:  In the past 24 hours other than what you

15   just discussed, have you had any other pills, medications,

16   drugs or alcohol?

17        THE DEFENDANT:  No.

18        THE COURT:  Let me ask you again.  Have you ever been

19   treated for any drug abuse or alcohol abuse?

20        THE DEFENDANT:  No.

21        THE COURT:  Counsel, have you discussed the matter of

22   pleading guilty with your client?

23        MS. SHARKEY:  I have, your Honor.

24        THE COURT:  In your opinion does he under the rights

25   that he will be waiving by pleading guilty?

D9K6FREP1

1          MS. SHARKEY:  He does.

2          THE COURT:  Do you have any doubts about his

3   competence to proceed?

4          MS. SHARKEY:  None.

5          THE COURT:  I find that Mr. Freytes appears alert and

6   he appears to understand what is happening here.  I find that

7   he is competent to proceed and we'll continue.

8          Mr. Freytes, you have an absolute right to plead not

9   guilty.  Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  If you persist in that plea of not guilty,

12   you have the right to a speedy and public trial by a jury.  Do

13   you understand?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  At that trial you would have the right to

16   be represented by an attorney.  Do you understand?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  You have the right to be represented by an

19   attorney at every stage of this criminal litigation.  Do you

20   understand?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  If you cannot afford to hire your own

23   attorney, the Court would give you a lawyer for free.

24          THE DEFENDANT:  Yes.

25          THE COURT:  Counsel, are you retained on this matter

1    or appointed?

2              MS. SHARKEY:  CJA, Judge.

3              THE COURT:  At trial, Mr. Freytes, you would be

4    presumed to be innocent.  You would not have to prove you were

5    innocent.  Do you understand?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  The government would have the burden of

8    proof and the government would have to prove each and every

9    elements of the crime charged against you beyond a reasonable

10   doubt.  Do you understand?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Let's turn to the crime that has been

13   charged.  It's Count One of the information.  The sole count of

14   the information charges you with knowingly possessing two

15   firearms in and affecting commerce after having been previously

16   convicted in a court of a crime punishable by imprisonment for

17   a term exceeding one year.  Do you understand?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Have you discussed that charge with your

20   attorney?

21             THE DEFENDANT:  Yes.

22             THE COURT:  So again in order for you to be convicted

23   of this crime, the government would have to prove each and

24   every one of those elements.  Do you understand?

25             THE DEFENDANT:  Yes.

1          THE COURT:  In this case the government would have to

2    prove that you knowingly possessed two guns.  Do you

3    understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And that you did so knowingly and not by

6    accident.  Do you understand?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And in this case the government says that

9    the two guns were a .38 caliber Smith & Wesson revolver and a

10   9-millimeter Smith & Wesson pistol.  Do you understand?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  The government would also have to prove

13   that prior to possessing those two guns, you had been convicted

14   of a crime punishable by imprisonment for a term exceeding one

15   year.  Do you understand?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  And the government would have to prove

18   that those firearms were possessed in and affecting commerce.

19   Do you understand.

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  What is the government's proffer regarding

22   interstate commerce in this case?

23         MS. LESTER:  Your Honor, that neither of those

24   firearms were manufactured in the State of New York.

25         THE COURT:  Do you understand that, Mr. Freytes?

1       THE DEFENDANT:  Yes, I do.

2       THE COURT:  So again the government would have to

3   prove each and every one of those elements beyond a reasonable

4   doubt before you could be convicted of this crime.  Do you

5   understand?

6       THE DEFENDANT:  Yes.

7       THE COURT:  In addition if you plead guilty, you will

8   be waiving your right to challenge the venue of the

9   prosecution.  Venue means the government has to take the case

10  ordinarily in the jurisdiction where the crime took place.  Do

11  you understand?

12      THE DEFENDANT:  Yes.

13      THE COURT:  If you plead guilty, you will be waiving

14  your right to challenge the venue of this prosecution.  Do you

15  understand?

16      THE DEFENDANT:  Yes.

17      THE COURT:  Counsel for the government, have I left

18  out any elements of the offense?  Prosecution.

19      MS. LESTER:  As your Honor stated, there are three

20  elements to the offense.  First, that the defendant was

21  previously convicted of a crime punishable by imprisonment for

22  a term exceeding one year.  Second, that on or about the date

23  specified in the information, that is June 7th, 2012, the

24  defendant knowingly possessed a firearm specified in the

25  information.  Third, that the defendant's possession of those

1   firearms was in or affecting interstate or foreign commerce.

2           THE COURT:  Thank you.  Counsel for the defendant,

3   anything else?

4           MS. SHARKEY:  No, Judge.

5           THE COURT:  So, Mr. Freytes, again the government

6   would have to prove each and every one of those elements beyond

7   a reasonable doubt or order for you to be convicted of that

8   this crime.  Do you understand?

9           THE DEFENDANT:  Yes.

10          THE COURT:  In order to attempt to prove your guilt

11  beyond a reasonable doubt, the government would call witnesses.

12  Do you understand?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Your lawyer could question those

15  witnesses.  Do you understand?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Your lawyer could object to any evidence

18  that the government sought to introduce against.  Do you

19  understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  You could call witnesses at trial.  Do you

22  understand?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Your lawyer would have the subpoena power

25  of the United States to make those witnesses come to court for

1    you.  Do you understand?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  You would have the right to testify on

4    your own behalf at trial.  Do you understand?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  At the same time you could not be forced

7    to testify because you would have a right against

8    self-incrimination.  Do you understand?

9              THE DEFENDANT:  Yes.

10             THE COURT:  The right against self-incrimination

11   essentially means you cannot be required to say that your

12   guilty out of your own mouth.  Do you understand?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Even if you are guilty, you do not have to

15   plead guilty.  Do you understand?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  You could remain silent and force the

18   government to attempt to prove your guilt beyond a reasonable

19   doubt.  Do you understand?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  If the government failed to prove any of

22   those elements that we just discussed beyond a reasonable

23   doubt, the jury would be duty-bound to find you not guilty.  Do

24   you understand?

25             THE DEFENDANT:  Yes, sir.

D9K6FREP1

1          THE COURT:  If you plead guilty, I will have to ask

2    you what you did that makes you guilty of this crime.  In

3    answering those questions, you will be saying that you are

4    guilty out of your own mouth thereby giving up your right

5    against self-incrimination.  Do you understand?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Let's talk about the sentencing process.

8    If I accept your plea of guilty, you will meet with the

9    Probation Department.  Do you understand.

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  The Probation Office will prepare your

12   report.  They will have information about you and the crime you

13   are alleged to have committed.  Do you understand?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  That Probation report will also have the

16   Probation Department's sentencing guidelines calculation.  Do

17   you understand?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Have you and your attorney discussed the

20   sentencing guidelines and how they might apply in your case?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  The sentencing guidelines are advisory.

23   What that means is I am required to determine the guideline

24   range that applies in your case.  Once I make that

25   determination, I am not required to sentence you within that

1    range.  Do you understand?

2             THE DEFENDANT:  Yes, I do.

3             THE COURT:  There is no promise as to what your

4    guideline range will be nor is there a promise as to what your

5    sentence will be.  Do you understand?

6             THE DEFENDANT:  Yes, sir.

7             THE COURT:  If the guidelines range that I determine

8    is different than what the Probation report or different than

9    what you are hoping for that will not be grounds to take your

10   plea back.  Do you understand?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  In addition, if the sentence that I impose

13   is different than what you are hoping for, that will not be

14   ground to take your plea back.  Do you understand?

15            THE DEFENDANT:  Yes, I do.

16            THE COURT:  Let's talk about your agreement with the

17   government.  Mr. Freytes, is this your signature on the last

18   page of this document?

19            THE DEFENDANT:  Yes, it is, sir.

20            THE COURT:  Before you signed it, did you discuss it

21   with your attorney?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Did you read it before you signed it?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Did you understand it?

1      THE DEFENDANT:  Yes.

2      THE COURT:  Does this agreement constitute the

3  entirety of your agreement with the government?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Counsel for the government, is that

6  correct?

7      MS. LESTER:  Yes, your Honor.

8      THE COURT:  Counsel for the defendant, is that

9  correct?

10      MS. SHARKEY:  Yes, it is, Judge.

11      THE COURT:  I am not going to go over the entire

12  agreement, but let's talk about the statutory penalties that

13  apply.  Count One has a maximum term of imprisonment of 10

14  years.  Do you understand?

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  And there is a maximum term of supervised

17  release of three years.  Do you understand?

18      THE DEFENDANT:  Yes, sir.

19      THE COURT:  Supervised release is like a term of

20  probation you would serve after any term of custody.  You will

21  have a Probation officer, you would be subject to drug testing

22  and other limitations on your freedom.  Do you understand?

23      THE DEFENDANT:  Yes.

24      THE COURT:  If you were to violate the conditions of

25  your supervised release, you could be sentenced to an

1    additional term of custody without credit for time previously

2    served on supervised release or credit for time previously

3    served in custody.  Do you understand?

4             THE DEFENDANT:  Yes, sir.

5             THE COURT:  There is a maximum fine which would be

6    based on your ability to pay it of the greatest of $250,000 or

7    twice the gross pecuniary gain derived from the offense or

8    twice the gross pecuniary loss to persons other than yourself

9    as a result of the offense.  Do you understand?

10            THE DEFENDANT:  Yes.

11            THE COURT:  In addition there is a $100 special

12   assessment which is like a fine accept it is mandatory and you

13   must pay that.  Do you understand?

14            THE DEFENDANT:  Yes.

15            THE COURT:  In addition, if you plead guilty I must

16   order restitution in accordance with Sections 3663, 3663(a),

17   and 3664 of Title 18, United States Code.  Do you understand?

18            THE DEFENDANT:  Yes.

19            THE COURT:  As I have indicated there is no promise as

20   to what your guideline range will be nor is there a promise as

21   to what your sentence will be, but let me hear from the parties

22   regarding any guideline estimates at this time.

23            MS. LESTER:  Your Honor, the plea agreement sets forth

24   a stipulated guideline range to which the parties have agreed.

25   It it 30 to 37 months' imprisonment and the defendant has

1   agreed to waive his right to appeal or otherwise collaterally

2   attack a sentence that is within or below that guidelines range

3   and the government has agreed not to an appeal a sentence

4   within or above that guidelines range.

5            THE COURT:  Thank you, counsel.

6            Did you hear that, Mr. Freytes?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Counsel for defense, anything to add?

9            MS. SHARKEY:  No, Judge.

10           THE COURT:  Mr. Freytes, even though the parties have

11  a stipulated or agreed upon a guidelines range, understand that

12  that guideline range that they have agreed to is not binding on

13  me.  Do you understand?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  I will determine the guideline range and I

16  will determine the sentence that applies.  Do you understand?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  And as the assistant has pointed out,

19  under your agreement you've waived certain rights regarding

20  your right to appeal but you do have a statutory right to

21  appeal.  Do you understand?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  If you cannot afford to hire an attorney

24  to help you prosecute the appeal, the Court will give you an

25  attorney for free.  Do you understand?

D9K6FREP1

1      THE DEFENDANT:  Yes, sir.

2      THE COURT:  Is there any issue regarding Mr. Freytes's

3  citizenship, counsel for defense?

4      MS. SHARKEY:  No, your Honor.

5      THE COURT:  Mr. Freytes, would you like any time to

6  consult with your attorney before we continue?

7      THE DEFENDANT:  No, sir.

8      THE COURT:  Do you have any questions for me?

9      THE DEFENDANT:  Yes, sir.

10      THE COURT:  Mr. Freytes, are you satisfied with your

11  legal representation up to this point?

12      THE DEFENDANT:  Yes, sir.

13      THE COURT:  Counsel, are you aware of any legal

14  defenses to the charges?

15      MS. SHARKEY:  No, Judge.

16      THE COURT:  Mr. Freytes, are you willing to give up

17  your rights to a trial and other rights that we have discussed?

18      THE DEFENDANT:  Yes.

19      THE COURT:  Other than what is contained in your

20  agreement with the government, has anyone made any promises to

21  induce you to waive those rights?

22      THE DEFENDANT:  No, your Honor.

23      THE COURT:  Has anyone made any threats to induce you

24  to give up those rights?

25      THE DEFENDANT:  No, your Honor.

1      THE COURT:  Mr. Freytes, how do you plead to Count One

2  of the information, guilty or not guilty?

3      THE DEFENDANT:  Guilty, your Honor.

4      THE COURT:  Mr. Freytes, what is it that you did that

5  makes you guilty of the crime charged in Count One?

6      THE DEFENDANT:  I had possession of two firearms.

7      THE COURT:  And was this on or about June 7, 2012?

8      THE DEFENDANT:  Yes, your Honor.

9      THE COURT:  When you say you had possession of two

10 firearms, what do you mean?

11      THE DEFENDANT:  I had them in a safe in my house.

12      THE COURT:  Did you know that what you were possessing

13 were in fact firearms?

14      THE DEFENDANT:  Yes.

15      THE COURT:  And prior to possessing or having those

16 firearms in the safe in your house, had you previously been

17 convicted in a court of a crime punishable by imprisonment for

18 a term exceeding one year?

19      THE DEFENDANT:  Yes, your Honor.

20      THE COURT:  And counsel for the government has

21 indicated that the government's proffer is that the firearms

22 were not manufactured in New York.  Do you understand?

23      THE DEFENDANT:  Yes, your Honor.

24      THE COURT:  Counsel for the government, is there

25 anything else?

D9K6FREP1

1        MS. LESTER:  Just one moment, your Honor.

2        Your Honor, with respect to venue the government would

3   proffer that the defendant's house is located in the Bronx.

4        THE COURT:  Anything else from the government?

5        MS. LESTER:  No, your Honor.

6        THE COURT:  Anything else from the defense?

7        MS. SHARKEY:  No, your Honor.

8        THE COURT:  I find that Mr. Freytes understands the

9   rights that he is waiving by pleading guilty.  I further find

10  that there a factual basis for the plea.  I will accept his

11  plea of guilty.  We'll schedule sentencing for Thursday,

12  December 19th at 3:00.

13       Anything else from the government today?

14       MS. LESTER:  No, your Honor.  Thank you.

15       THE COURT:  Anything else from the defendant?

16       MS. SHARKEY:  No, Judge.  Thank you.

17       THE COURT:  Thank you very much.  Have a good day.

18       MS. SHARKEY:  Judge, I would like to be present for

19  the PSR.

20       THE COURT:  That's fine.

21                         o0o

22

23

24

25